ALLAN E. ANDERSON (SBN 133672)
JD HARRIMAN (SBN 117175)
TIMOTHY L. SKELTON (SBN 200432)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401
Email:       allan.anderson@arentfox.com
             jd.harriman@arentfox.com
             tim.skelton@arentfox.com

Attorneys for Plaintiff
SCG CHARACTERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCG CHARACTERS LLC, | Case No. |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT AND DILUTION, AND UNFAIR COMPETITION;** |
| v. | |
| TELEBRANDS CORP., TELEBRANDS CORPORATION, and AJIT KHUBANI, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff SCG Characters LLC ("SCG") alleges as follows:

**JURISDICTION AND VENUE:**

1. Plaintiff files this action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, et seq.

2. This Court has subject matter jurisdiction over the claims under 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b).

3. Upon information and belief, plaintiff alleges that defendants Telebrands Corp., a Virginia corporation, and Telebrands Corporation, a New Jersey corporation (collectively "Telebrands") have conducted business, including the acts giving rise to this complaint, within this judicial district.  In addition, on

1  information and belief, Telebrands has purposefully directed its activities in this
2  judicial district by intentionally committing tortuous acts aimed at California
3  residents and/or have an impact on the State of California.  Therefore, this Court
4  has personal jurisdiction over Telebrands.
5      4.   Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and
6  (c) because a substantial portion of the acts or omissions giving rise to this
7  complaint were committed within this judicial district.  Venue is additionally proper
8  because SCG has suffered harm in this judicial district.

## THE PARTIES:

11     5.   Plaintiff SCG Characters LLC ("SCG") is a company with its principal
12 place of business at 10100 Santa Monica Boulevard, Suite 500, Los Angeles,
13 California, 90067.  SCG's sister company Saban Brands is one of the most
14 successful branding companies in the world, managing, enhancing, and promoting
15 intellectual property, including Power Rangers, Julius, Jr., Digimon, Paul Frank,
16 Emojiville, Macbeth, Mambo, and Popples, which is the subject of the present
17 complaint.  SCG owns all intellectual property rights associated with Popples.
18     6.   Telebrands is a telemarketing company that markets products on
19 television, on the Internet, and in stores.  Telebrands has its principal place of
20 business and headquarters at 79 Two Bridges Road, Fairfield, NJ 07004.  SCG is
21 informed and believes that Telebrands has done and continues to do business in
22 numerous districts throughout the United States, including, but not limited to, the
23 Central District of California.
24     7.   Upon information and belief, SCG alleges that Telebrands sells
25 numerous products, including the toys at issue, nationwide and specifically to
26 residents of the Central District of California.
27     8.   Defendant Ajit Khubani is, upon information and belief, a citizen of
28 the State of New Jersey, residing at 55 Chestnut Ridge Road, Saddle River, New

Jersey 07458. Mr. Khubani is the owner, Chief Executive Officer, and President of Defendant Telebrands; and as such is responsible for overseeing the day-to-day operations of the company, including product development, marketing, and sales of the products that are the subject of the present complaint. SCG is informed and believes that Mr. Khubani personally acted, approved, or ratified each of the wrongful acts alleged below and therefore is personally liable for each.

**FIRST CLAIM FOR RELIEF**

(Patent Infringement, 35 U.S.C. § 271, et seq.)

9. The allegations of the paragraphs above are incorporated herein by reference.

10. SCG is the owner in fact of all rights to United States Design Patents US D468,372 S; US D468,781 S; US D469,479 S; and US D484,927 S ("the Patents"). The Patents are attached hereto as Exhibit "A." These patents are embodied in SCG's line of Popples transformable toys.

11. Telebrands is designing, making, using, offering for sale, and selling a line of "Ball Pets" transformable toys that applies the patented designs or colorable imitations thereof, which constitutes infringement of the Patents. Examples of the Patents and the infringing Ball Pets are as follows:



| Ball Pet-Sunny The Puppy | Ball Pet-Puffy The Purple Bear | Ball Pet-Pinky The Rhino |
|---|---|---|
| Ball Pet-Red Rover Puppy | Ball Pet-Berry The Blue Kitty | Ball Pet-Jolly Green Dragon |

12. By committing the acts alleged herein, including but not limited to designing, making, using, offering for sale, and selling its knockoff transformable toys, Telebrands has infringed, induced, or contributed to the infringement of the Patents.

13. Upon information and belief, SCG alleges that Telebrands' infringement, inducement of infringement, and/or contributory infringement of the Patent has been willful, deliberate, knowing, and with wanton disregard of the patent rights of SCG. Popples enjoy longstanding and widespread fame in the toy

1 market, and the similarity of Telebrands' knockoffs to the patented Popples design
2 could not have happened by chance.
3     14. SCG believes that, unless enjoined by this Court, Telebrands will
4 continue to infringe, continue to induce others to infringe, or continue to
5 contributorily infringe the Patents.
6     15. SCG has no adequate remedy at law, and unless enjoined by this
7 Court, Telebrands will continue to engage in such acts to the irreparable damage
8 and injury of SCG.
9     16. SCG has been damaged by the foregoing infringing acts of
10 Telebrands. The exact amount of such damages can be determined upon an
11 accounting.

## SECOND CLAIM FOR RELIEF

(Trade Dress Infringement and Dilution)

14     17. The allegations of the paragraphs above are incorporated herein by
15 reference.
16     18. Popples have a unique and inherently distinctive combination of visual
17 features. These features include the ability for the character to transform into a ball
18 toy; the use of brightly colored fur and exaggerated anatomical features; the use of
19 contrasting color pads on the feet, hands, and ears; and the exclamatory posture
20 when the toy is in the open position. The unique look of Popples has acquired
21 secondary meaning among consumers and has become famous, allowing consumers
22 observing the products to identify that trade dress as indicating a high quality
23 product emanating from SCG.



Popple



Ball Pets

19. Considerable resources have been expended in developing the Popples trade dress design and in promoting products and services using this design. Popples have been promoted in numerous media since the 1980s, including a Popples television series and Popples comic books.

20. The function of the iconic Popples trade dress design is to identify SCG as the source of its products/services and to establish a symbol of quality and goodwill that consumers can trust.

21. Recognizing the goodwill that consumers associate with the Popples trade dress, Telebrands has closely mimicked it. Telebrands' knockoff products are confusingly similar to SCG's Popples. As such, they infringe SCG's trade dress rights, and lead consumers to falsely believe that Telebrands' infringing Popples either originate from or are somehow associated with SCG. Further, the presence of the Telebrands knockoffs in the marketplace tends to dilute the distinctive quality of the Popples trade dress.

22. As a direct consequence of Telebrands' actions, SCG has been, and is likely to continue to be, substantially injured in its business including harm to its

goodwill and reputation and loss of sales. The exact amount of SCG's damages and Telebrand's wrongful gains can be determined upon an accounting.

23. On information and belief, Telebrands' trade dress infringement and dilution has been willful. Popples enjoy longstanding and widespread fame in the toy market, and the similarity of Telebrands' knockoffs to the famous Popples design could not have happened by chance.

24. SCG has no adequate remedy at law, and unless enjoined by this Court, Telebrands will continue to engage in such acts to the irreparable damage and injury of SCG.

## THIRD CLAIM FOR RELIEF

(Unfair Competition)

25. The allegations of the paragraphs above are incorporated herein by reference.

26. Significant monies and effort have been expended to establish goodwill, a market for the patented inventions based on the Patents, and a strong market presence for Popples.

27. Through their infringement of SCG's Patents and trade dress rights, Telebrands has wrongfully diverted and secured sales, monies, and profits that rightfully should have been made by SCG.

28. Telebrands' advertisements, marketing materials, strategy, and marketing representations have unfairly competed with plaintiff under the Lanham Act, California Business and Professions Code section 17200, and the common law.

SCG respectfully demands judgment against Telebrands and Khubani as follows:

a) A preliminary injunction enjoining Telebrands, including its affiliates, officers, agents, servants, and employees, and all persons in active concert or participation with them, during the pendency of this action and thereafter

1  permanently, from infringement of the Patents pursuant to 35 U.S.C. § 283;

2  b) An award to SCG of such damages as it shall prove at trial against
3  Telebrands, after a full accounting of all damages that SCG has suffered as a
4  result of Telebrands' unlawful conduct, said damages to be no less than a
5  reasonable royalty;

6  c) An award to SCG of all damages so determined for willful
7  infringement, in accordance with 35 U.S.C. §284, together with prejudgment
8  interest;

9  d) A determination that this case is exceptional within the meaning of 35
10 U.S.C. §285, and an award to SCG of treble damages, its reasonable
11 attorneys' fees and costs in connection with this action;

12 e) An award to SCG of all profits wrongfully obtained by Telebrands;
13 and

14 f) Such other and further relief as this Court or Jury may determine to be
15 just and proper.

17 Dated: January 16, 2015        **ARENT FOX LLP**

19                                By:/s/ *Allan E. Anderson*
20                                ALLAN E. ANDERSON
                                  JD HARRIMAN
21                                TIMOTHY L. SKELTON
                                  Attorneys for Plaintiff
22                                SCG CHARACTERS LLC

AFDOCS/11634440.1

- 9 -

COMPLAINT

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

# JURY DEMAND

SCG demands a trial by jury on all issues so triable.

Dated: January 16, 2015     **ARENT FOX LLP**

By:/s/ Allan E. Anderson
ALLAN E. ANDERSON
JD HARRIMAN
TIMOTHY L. SKELTON
Attorneys for Plaintiff
SCG CHARACTERS LLC