TUCKER ELLIS LLP
Brian K. Brookey - SBN 149522
brian.brookey@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:	213.430.3400
Facsimile:	213.430.3409

OF COUNSEL:
COOPER & DUNHAM LLP
Robert T. Maldonado (to be admitted *pro hac vice*)
Rmaldonado@cooperdunham.com
Tonia A. Sayour (to be admitted *pro hac vice*)
Eric M. Eisenberg (to be admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone:  212. 278.0509
Facsimile:   212. 391.0525

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCG CHARACTERS LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>TELEBRANDS CORP., TELEBRANDS CORPORATION, and AJIT KHUBANI,<br><br>          Defendants. | Case No. 2:15-cv-00374 DDP (AGRx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>DATE:   June 15, 2015<br>TIME:    10:00 a.m.<br>CTRM:  3<br><br>Hon. Dean P. Pregerson |

PLEASE TAKE NOTICE that Defendants Telebrands Corporation[1] and Telebrands Corp. ("Defendants") by and through their undersigned counsel, will move this Court, before the Honorable Dean P. Pregerson, United States District Judge, for an Order pursuant to Rule 12(b)(6) of the Federal rules of Civil Procedure dismissing the complaint filed by Plaintiff SCG Characters LLC for design patent infringement, trade dress infringement and dilution, and unfair competition.

The basis for this motion is that Plaintiff has failed to state a claim upon which relief can be granted because (1) it is clear from the face of the asserted design patents

---

[1] The correct name of Telebrands Corporation is Telebrands Corp.

and from viewing the accused products that there is no design patent infringement as a matter of law; (2) Plaintiff has failed to plead that its alleged trade dress is non-functional, which is a required element of its trade dress claims; (3) Plaintiff has failed to properly articulate its trade dress, thus rendering it indefinite; (4) Plaintiff's unfair competition claim is predicated on its patent and trade dress claims and must therefore be dismissed if they are dismissed; and (5) amendment would be futile.

The motion is taking place following a conference of counsel on April 27, 2015.[2]

The motion will be based upon this notice, the Memorandum of Points and Authorities in Support of the Motion, and such argument as may be received at the hearing on the motion.

DATED:  April 27, 2015					Tucker Ellis LLP


							By:	/s/Brian K. Brookey
								Brian K. Brookey
								Attorneys for Defendants

---

[2] Lead counsel was unaware of the meet and confer requirement of Local Rule 7-3 until April 27, 2015, when local counsel was retained.  Upon learning of the requirements of the Local Rules, lead counsel conducted the required conference of counsel and requested that Plaintiff's counsel either stipulate to an extension of time to respond to the complaint or agree to waive the requirement that the conference of counsel occur more than seven days prior to the filing of this motion.  Plaintiff's counsel stated that Plaintiff would not stipulate to the relief requested in the motion and declined to stipulate to an extension of time or the requested waiver, though Plaintiff stated it would not oppose a notice motion to extend the deadline to respond to the complaint.  Defendants have noticed this motion more than 28 days before the hearing should Plaintiff decide to stipulate to the relief requested.

1073176.1